IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANFORD LOUIS COLLINS, #112513, )<br>)<br>Petitioner, )<br>)<br>) <br>) <br>) <br>BOBBY BARRETT,  et al., )<br>)<br>Respondents. ) | <br><br><br><br>CASE NO. 2:12-CV-433-WHA<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Stanford Louis Collins ["Collins"], a state inmate, on May 15, 2012.[1] In this petition, Collins challenges the constitutionality of his incarceration pursuant to the revocation of his parole on December 8, 2008.

The respondents have filed answers in which they argue that this federal habeas petition is barred by the one-year period of limitations applicable to 28 U.S.C. § 2254

---

[1] A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The habeas petition indicates Collins submitted the petition for mailing on May 15, 2012. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 9.  In light of the foregoing and for purposes of the proceedings herein, the court considers May 15, 2012 as the date of filing.

petitions. 28 U.S.C. § 2244(d)(1).[2] The respondents maintain that in a habeas action addressing decisions by a parole board "the limitations period begins to run on ... 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.' 28 U.S.C. § 2244(d)(1)(D)." *Respondents' Supplemental Answer - Doc. No.* 18 at 1; *Hawes v. Howerton*, 335 Fed. Appx. 882, 884 (11th Cir. 2009) ("When as here, the petitioner is challenging a parole board decision, the limitations period begins to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence'"); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (holding that subsection (D), not subsection (A), of 28 U.S.C. § 2244(d)(1), is the applicable subsection for computing the limitations period in habeas actions challenging parole revocation decisions). "[S]ince Alabama ... does not have a direct appeal procedure through which [an inmate] could challenge the decision of the Parole Board," the parole revocation decision became final on the date Collins' parole was revoked, December 8, 2008, as this is the date the factual predicate arose and the one-year limitations period therefore began to run for purposes of federal habeas review on the date of revocation. *Ray v. Mitchem*, 272 Fed. Appx. 807, 810 (11th Cir. 2008). In light of the foregoing, Collins must have filed his § 2254 petition within a year of the revocation of parole.

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

The respondents acknowledge that Collins filed a petition for writ of certiorari in the state trial court, the avenue of relief provided an Alabama prisoner to challenge the Parole Board's decision to revoke parole, on September 19, 2011.[3] However, the respondents assert that the petition for writ of certiorari failed to toll the federal period of limitations because the petition was filed after expiration of the one-year limitations period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' Supplemental Answer - Doc. No. 18* at 2-3; *Hawes*, 335 Fed. Appx. at 884 (A state habeas petition challenging parole revocation did not toll the federal limitations period "[b]ecause the one-year limitations period already had expired...."); *Ray*, 272 Fed. Appx. at 810 (state petition for writ of certiorari filed after expiration of limitations period could not toll limitations period where "there was no time left to be tolled" at the time of filing); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitations] in order to toll the limitations period. A state court petition

---

[3]The petition for writ of certiorari establishes that Collins submitted the petition for mailing on September 19, 2011. *Respondents' Exhibit A - Doc. No. 8-1* at 10. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002). Consequently, the prison mailbox rule applies to pro se petitions for writ of certiorari filed in the state courts of Alabama and September 19, 2011 is therefore the appropriate date of filing for Collins' petition for writ of certiorari.

... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").[4] Thus, Collins is not entitled to statutory tolling of the limitations period.

Absent equitable tolling, the record demonstrates that Collins filed his federal habeas petition after expiration of § 2244's one-year period of limitations. The court therefore entered an order advising Collins that he failed to file his federal habeas petition within the one-year limitations period established by 28 U.S.C. § 2241(d)(1). *Order of June 20, 2012 - Doc. No. 13*. This order also provided Collins an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely

---

[4] The Eleventh Circuit has noted that in federal habeas actions challenging decisions of a parole authority "a properly filed state mandamus petition [or other appropriate state petition] would probably toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2)." *Brown*, 512 F.3d at 1308 n. 2. Nevertheless, "[e]ven assuming that [Petitioner's] state petition for writ of certiorari would have tolled the limitations period if timely filed, it was not filed until [after expiration of the limitations period], and there was no time left to be tolled on that date." *Ray*, 272 Fed. Appx. at 810. Consequently, the petition for writ of certiorari filed by Collins did not toll the limitations period.

4

filed.

In response to this order, Collins references the doctrine of equitable tolling and also argues that the federal period of limitations does not apply to habeas petitions which challenge the revocation of parole, as this decision is one issued by an administrative agency rather than imposed by a state court. *Petitioner's Response - Doc. No. 14* at 2. This latter argument is foreclosed by well-settled federal law which establishes that habeas actions challenging decisions of a parole authority are subject to the one-year period of limitations set forth in 28 U.S.C. § 2244(d). *Peoples v. Chatman*, 393 Fed. Appx. 1352, 1353 (11th Cir. 2009) (federal habeas petition challenging parole revocation, regardless of whether filed under § 2241 or § 2254, is subject to "the one-year statute of limitations set out in § 2244(d)."); *Van Zant v. Florida Parole Commission*, 308 Fed. Appx. 332, 334 (11th Cir. 2009) ("Although the revocation of [Petitioner's] parole is an administrative action, it is considered to be pursuant to a judgment of a state court, properly governed by 28 U.S.C. § 2241 and 28 U.S.C. § 2254, subject to the one year statute of limitations found in 28 U.S.C. § 2244(d)."); *Hawes*, 335 Fed. Appx. at 884 (applying one-year statute of limitations to bar § 2254 habeas petition attacking parole revocation); *Ray*, 272 Fed. Appx. at 809-810 (holding that Alabama inmate's § 2254 habeas petition challenging Parole Board's decision to revoke parole was barred by the one-year period of limitations contained in 28 U.S.C. § 2244(d)). Consequently, contrary to Collins' assertion, the instant

habeas petition is properly subject to the federal limitations period.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied, as Collins failed to file the petition within the applicable one-year period of limitations.

## II.  DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitations on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

>  exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under the circumstances of this case, "the limitations period begins to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Hawes*, 335 Fed. Appx. at 884. In habeas cases challenging parole revocation, the factual predicate for the petitioner's claims existed at the time his parole was revoked and, therefore, the one-year period of limitations begins running at the time of revocation. *Brown*, 512 F.3d at 1307; *Ray*, 272 Fed. Appx. at 810 (concluding that because "Alabama ... does not have a direct appeal procedure through which [Petitioner] could challenge the decision of the Parole Board" parole revocation was final on date parole was revoked and date of revocation was therefore triggering date for federal limitations period).

In 1975, Collins was convicted of murder and sentenced to life imprisonment. *Respondents' Exhibit A - Doc. No. 8-1* at 33. On April 26, 1991, the Alabama Board of Pardons and Paroles granted Collins parole. *Id*. While on parole, Collins was arrested for driving under the influence on September 8, 2008 and subsequently posted bond for this offense on September 13, 2008. *Id*. On September 30, 2008, parole officials served Collins with notice of a revocation hearing with respect to his violation of Parole Condition

Number 7, commission of a new offense – driving under the influence. *Id*. at 32-33.[5] Collins acknowledged receipt of this notice and advised that he did not seek any witnesses nor did he request assistance by counsel at the scheduled hearing. *Id*. at 32. Pursuant to this notice, a parole revocation hearing was conducted on October 9, 2008.[6]

At the parole revocation hearing, the hearing officer received testimony from the arresting officer, Rick Thompson, a deputy for the Montgomery County Sheriff's Department, and Collins. Deputy Thompson "testified that he stopped a van driven by [Collins] ... on 9-8-08 at 2050 due to observing the van swerve around six times to either side of the center dividing line.... [T]he strong odor of alcohol emanated from the vehicle. Officer Thompson administered the finger count, alphabet, one legged stand (good leg), and the walk & turn FST's [Field Sobriety Tests]. Deputy Thompson indicates that the parolee did not successfully complete any of the aforementioned Field Sobriety Tests. Deputy Thompson indicated that he tested the parolee on the PBT (field alcohol tester) and the results for that test were .15. Deputy Thompson advised that the parolee was tested on the Drager Alcotest and tested .14 BAC [Blood Alcohol Content.]" *Id*. at 37-38. Collins "testified that he was not driving under the influence and that when a field sobriety test was given requiring [him] to walk, he was unable to [do so] due to a disability [an injury

---

[5]"A person shall not drive or be in actual physical control of any vehicle while ... [t]here is 0.08 percent or more by weight of alcohol in his or her blood[.]" *Ala. Code* § 32-5A-191(a)(1).

[6]At the time of the revocation hearing, Collins was on bond for his DUI offense.

8

limiting use of his left leg].” *Id*. at 37.  Collins also produced as evidence "a copy of the 'Certificate of Breath Alcohol Analysis' conducted on him utilizing the Drager Alcotest 7110 MKIII-C, which revealed the presence of .14 BAC." *Id*.

Upon completion of the revocation hearing, the hearing officer found Collins guilty of the charged parole violation. *Id*. at 38. The hearing officer recommended "that the parolee be revoked." *Id*. at 39. On December 8, 2008, the Alabama Board of Pardons and Paroles issued an order of revocation. *Id*. at 31. In accordance with applicable federal law, the one-year limitations period contained in 28 U.S.C. § 2244(d)(1)(A) began to run on December 9, 2008.[7]  In the absence of judicially prescribed equitable tolling or statutory tolling under 28 U.S.C. § 2244(d)(2), the limitations period expired on December 9, 2009.

**1. Equitable Tolling.** Case law directs that the limitations period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'

---

[7] As previously determined, the date of parole revocation is the event which triggers the statute of limitations. *Brown*, 512 F.3d at 1307; *Ray*, 272 Fed. Appx. at 810. In computing the federal period of limitations, courts must "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*. Thus, the limitations period began to run on December 9, 2008.

beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). The United States Supreme Court recently confirmed the AEDPA's one-year period of limitations "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

In his response to the respondents' answers, Collins references the availability of equitable tolling in federal habeas proceedings. *Petitioner's Response - Doc. No. 14* at 2. Collins argues that he is entitled to equitable tolling due to his misunderstanding the applicability of the one-year period of limitations to his habeas petition. *Id*. Specifically, Collins maintains that he believed the "one year limitations period of § 2244(d) did not

apply" to a habeas petition challenging a decision of the Parole Board. *Id*. at 3.

To the extent that Collins asserts that his misunderstanding of the law entitles him to equitable tolling, this assertion is without merit. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitations period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's pro se status throughout most of the period of limitations does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504,

11

145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

The record is devoid of evidence that Collins' delay in filing the instant § 2254 petition resulted from extraordinary circumstances that were beyond his control and unavoidable with the exercise of reasonable diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). This court simply "cannot say that [Collins] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, Collins is not entitled to equitable tolling of the limitations period. *Bryant v. Arizona*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Diaz v. Secretary for Dept. Of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).

**2. Statutory Tolling of the Limitations Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this section."  Even assuming that

the petition for writ of certiorari filed by Collins on September 19, 2011 constitutes an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2), *see Brown*, 512 F.3d at 1308 n.2, this state petition does not warrant statutory tolling of the federal limitations period as Collins failed to file the petition prior to expiration of the federal period of limitations. *Hawes*, 335 Fed. Appx. at 884 (state habeas petition attacking parole revocation failed to toll federal limitations period "[b]ecause the one-year limitations period already had expired" when the petitioner filed the state petition); *Brown*, 512 F.3d at 1307-1308 (state mandamus petition filed "after the limitations period had expired" could not statutorily toll the limitations period); *Webster*, 199 F.3d at 1259 ("A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, Collins is not entitled to statutory tolling of the limitations period.

    **3.** **<u>Expiration of the Limitations Period</u>**. In this case, the one-year period of limitations began to run December 9, 2008 and expired on December 9, 2009. Collins filed his petition for federal habeas relief on May 15, 2012. Despite the opportunity to do so, Collins has failed to demonstrate that this petition should not be dismissed as untimely filed. In light of the foregoing, the court concludes that the instant petition for habeas corpus relief is due to be denied, as Collins filed the petition after expiration of the applicable one-year period of limitations.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Stanford Louis Collins be DENIED as it was not filed within the one-year period of limitations mandated by the provisions of 28 U.S.C. § 2244(d)(1).

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before April 3, 2015, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 20th day of March, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE